IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATEEFAH AMEEN<br>Plaintiff,<br><br>v.<br><br>DR. LILLIAN SCHAPRIO;<br>PIEDMONT HOSPITAL; ANNA,<br>physician assistant; ALL STAFF<br>DURING SURGERY; ALL OR<br>NURSES PRE OP AND POST OP;<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:16-CV-4296-SCJ |

## ORDER

This matter appears before the Court on a frivolity review pursuant to 28 U.S.C. § 1915(e). On November 17, 2017, Plaintiff, Lateefah Ameen filed an application for Leave to Proceed in Forma Pauperis along with her *pro se* Complaint. Doc. No. [1]. The Honorable Russeel G. Vineyard, United States Magistrate Judge granted Plaintiff's request to proceed in forma paupers. Doc. No. [2]. On December, 19, 2016, this Court filed an Order explaining that Plaintiff's Complaint failed to state a claim which relief may be granted. Doc. No. [4]. The order laid out five reasons to why Plaintiff's Complaint failed.

AO 72A
(Rev.8/82)

First, the Court lacked subject-matter jurisdiction.[1] Second, Plaintiff's alleged injuries occurred outside the two year statute of limitations period for Geogia medical practice claim. § 9-4-71 (a). Third, fictitious-Defendants, are generally not permitted in federal court. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); but see Dean v. Barber, 951 F.2d 1210, 1215-6 (11th cir. 1992) (holding a plaintiff may engage in ficitious-party pleading if the plaintiff merely lacks "the information needed to specifically name" the individual so long as the defendant is described "with sufficient clarity"). Fourth, Plaintiff only contained allegations against Dr. Lillian Schapiro and no allegations with regard to other Defendants. Fifth, Plaintiff failed to allege that Dr. Schapiro's actions fell below the requisite degree of skill and care required of a medical professional. Doc. No. [3], p.2; see also McDowell v. Brown, 392 F.3d 1283, 1295 (11th cir. 2004). The Court ordered the Plaintiff to amend her Complaint within 14 days. Id.

On January, 11, 2017, Plaintiff submitted this Amended Complaint for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. No. [6]. However, her Amended Complaint does not comply with the Court's previous

---

[1] Despite Plaintiff's only state law claim (medical negligence and personal injury), no allegations demonstrated complete diversity of citizenship and pled no amount of controversy exceeding $75,000. Doc. No. [3], p.2.

2

order. Not only was her Amendment untimely, Plaintiff's Amended Complaint still fails to state a claim which relief may be granted.

Plaintiff can establish subject matter jurisdiction in three ways: (1) jurisdiction under a specific statutory grant; (2) diversity jurisdiction; or (3) federal question jurisdiction. Baltin v. Alaron Trading Corp., 128 F.3d 1466 (11th Cir. 1997). Here, similar to the first Complaint, Plaintiff's Amended Complaint does not involve statutes that provide an independent statutory grant of federal subject matter jurisdiction. Furthermore, there is no federal question issue involved in the Amended Complaint. A close review of Plaintiff's Amended Complaint also reveals that Plaintiff fails demonstrate complete diversity of citizenship and amount of controversy exceeding $75,000.[2] Therefore, Plaintiff's claim fails to meet the subject matter jurisdiction requirement.

In addition, as noted in the Order, the statute of limitations for a medical malpractice claim in Georgia is two years. O.C.G.A § 9-3-71 (a). In the Amended Complaint, Plaintiff asserts that her "minor symptoms" occurred February 2014. Doc. No. [6], p. 1. Although Plaintiff attempts to amend the date of her injuries, the date is still well over two years before she filed her

---

[2] The Court recognizes from the Complaint that Plaintiff is a citizen of Georgia, however, without information to the citizenship of Defendant's and the amount in controversy, the Court is unable to properly determine diversity jurisdiction.

Complaint on November 11, 2016. Doc. No. [3], p.2. Therefore, the Court also finds that Plaintiff has failed to state a claim as to her Georgia medical malpractice claim.

With respect to the fictitious Defendants, ("All staff during surgery and all or nurses pre op and post op"), Plaintiff only states that she is "unaware of all the staff names who participated in my surgery. However, the hospital can easily obtain the names of all party involved during my surgery." Doc. No. [6], p. 2. Without stating any facts as to how these Defendants participated in or violated Plaintiff's rights, her Amended Complaint is insufficient as a matter of law to state claims against the Defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (a complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.").

In conclusion, Plaintiff's Amended Complaint fails to state a claim which relief may be granted because 1) there is no subject matter jurisdiction; 2) the statute of limitations for Georgia medical malpractice claim is two years; and 3) Plaintiff failed to include facts to describe unidentified Defendants and their allegations. It is also noted that Plaintiff failed to comply with the order to

AO 72A
(Rev.8/82)

submit her Amended Complaint within 14 days from the date of the Order (December, 19, 2016).[3]  Therefore, Plaintiff's Amended Complaint is **DISMISSED**.

IT IS SO ORDERED, this 19th day of April, 2017.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff asserts that she "attempted to submit this response letter on Friday 1/6/2017, however, the court closed due to [inclement] weather."  Doc. No. [6], p. 2. Plaintiff filed her Amended Complaint on Wednesday, January 11, 2017. Even adding three additional days under Rule 6(d) of Federal Rules of Civil Procedure, her filing was not on time. Fed. R. Civ. P. 6.